USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY DISTRICT  :
COUNCIL OF CARPENTERS PENSION FUND,     :
WELFARE FUND, ANNUITY FUND and          :
APPRENTICESHIP, JOURNEYMAN RETRAINING,  :
EDUCATIONAL and INDUSTRY FUND; TRUSTEES :
OF THE NEW YORK CITY CARPENTERS RELIEF  :
and CHARITY FUND; and THE NEW YORK CITY and :
VICINITY CARPENTERS LABOR-MANAGEMENT    :
CORP.,                                  :
                                        :
                        Petitioners,    :
                                        :
        -v-                             :
                                        :
DEJIL SYSTEMS INC.,                     :
                                        :
                        Respondent.     :
                                        :
------------------------------------------------------------------X

12 Civ. 005 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

　　　　The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund ("ERISA Funds"), Trustees of the New York City Carpenters Relief and Charity Fund ("Charity Fund"), and the New York City and Vicinity Carpenters Labor-Management Corporation ("Corporation") have filed this petition for confirmation of an arbitration award (the "Award") issued against Respondent Dejil Systems Inc. ("Dejil") pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. Petitioners also seek attorney's fees and costs for expenses incurred in this confirmation proceeding. The petition was served on Respondent on January 4, 2012. To date, Dejil has not opposed the petition or otherwise appeared in this action.

For the reasons stated below, the Award is CONFIRMED and Petitioners' request for attorney's fees is GRANTED.

## BACKGROUND

The ERISA Funds are multi-employer labor management trust funds organized and operated pursuant to ERISA. (Pet. ¶ 4). The Charity Fund is a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). (Pet. ¶ 5).[1] The Corporation is a not-for-profit corporation organized under the laws of New York. (Pet. ¶¶ 5, 7). The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of American (the "Union") and Dejil are parties to a written collective bargaining agreement ("CBA"), which obligates Dejil to make contributions on behalf of all of its employees covered by the CBA to various benefit funds, including the ERISA Funds and the Charity Fund. (*Id.* ¶¶ 6, 10; *see also* Epstein Decl. Ex. A at Art. IX § 1).

Petitioners claim that after an audit conducted pursuant to the terms of the CBA, Dejil was found to have failed to make required benefit fund contributions in the amount of $140,141.00 for the period July 22, 2008, through January 31, 2011. (Pet. ¶ 12; *see also* Epstein Decl. Ex. A at Art. IX §§ 1-8). Pursuant to an arbitration clause in the CBA, the dispute was submitted to binding arbitration in front of Roger Maher, the duly designated impartial arbitrator. (Pet. ¶ 14; *see also* Epstein Decl. Ex. A at Art. IX § 12). On December 9, 2011, Arbitrator Maher held a hearing to adjudicate the dispute between the parties. (Epstein Decl. Ex. B at 2). At the hearing, Dejil did not dispute the auditor's findings, but instead stated that due to economic conditions, it was unable to pay the allegedly delinquent contributions. (*Id.* at 3). At the conclusion of the hearing, the arbitrator entered an award ordering Dejil to pay a total of

---

[1] Collectively, the Trustees of the ERISA Funds and the Charity Funds are referred to as the "Trustees of the New York City District Council Carpenters Benefit Funds."

2

$185,420.13 in delinquent contributions to the Trustees of the New York City District Council Carpenters Benefit Funds, with interest to accrue at the rate of 5.25% from the date of the Award. (*Id.* at 3-4).[2] To date, Dejil has not complied with the Award. (Pet. ¶ 17).

On January 3, 2012, Petitioners filed a petition with this Court seeking: (1) confirmation of Arbitrator Maher's Award, including interest at the rate of 5.25% from the date of the Award; and (2) attorney's fees and costs. (Pet. at 4-5). The petition was served on Dejil on January 4, 2012. (Docket No. 2). Dejil neither responded to the petition nor separately brought a motion to vacate, modify, or correct the Award. (Docket No. 4). On May 11, 2012, this Court issued an order granting the parties the opportunity to file additional materials related to the petition. (Docket No. 10). On May 23, 2012, Petitioners served a copy of that order on Dejil (Docket No. 12), and filed a Declaration in Support of Application to Confirm Arbitration Award along with contemporaneous time records indicating the amount and nature of the work completed in connection with the confirmation action. (Docket No. 11). To date, Dejil has neither appeared in this action nor otherwise responded to the confirmation proceedings.

## DISCUSSION

### A. Applicable Law

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750

---

[2] The total award is comprised of the following amounts: contributions of $140,141.00; interest and liquidated damages in the amount of $38,472.88; interest on previous late payments of contributions in the amount of $1,303.72; assessments to the Promotional Fund of $1,702.53; court costs of $350.00; attorney's fees of $1,500.00; arbitrator's fee of $500.00; and audit costs of $1,450.00. (Epstein Decl. Ex. B at 3).

F.2d 171, 176 (2d Cir. 1984)) (internal quotation marks omitted). "Only a 'barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes," *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008), and judicial review of an arbitration award under Section 301 of the LMRA, 29 U.S.C. § 185, is "extremely deferential," *id.* at 405. Under the LMRA, an arbitration award should be upheld as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'" *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F. Supp. 2d 610, 614 (S.D.N.Y. 2008) (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)). "Even if the Court is convinced that the arbitrator 'committed serious error,' the award should not be vacated so long as the arbitrator is 'even arguably construing or applying the contract and acting within the scope of his authority.'" *Abondolo*, 568 F. Supp. 2d at 405 (quoting *United Paperworkers Int'l v. Misco*, 484 U.S. 29, 38-39 (1987)); *see also* 9 U.S.C. § 10(a) (identifying the limited bases for vacating arbitration awards). Courts have shown similar judicial restraint regarding arbitration awards under ERISA. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. SDS Labor, Inc.*, 11 Civ. 6267 (DLC), 2011 WL 6181351, at *2-3 (S.D.N.Y. Dec. 13, 2011); *Mason Tenders Dist. Council of Greater New York & Long Island v. Circle Interior Demolition, Inc.*, 07 Civ. 11227 (RMB) (THK), 2009 WL 5061744 at *1, *5 (S.D.N.Y. Dec. 22, 2009) (Berman, D.J., adopting the Report and Recommendation of Katz, M.J.).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 109-10 (citation omitted). Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted).

**B. Analysis**

    **1. The Award**

Applying the foregoing principles, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at 110. Prior to issuing his Award, the arbitrator reviewed the CBA and its grievance and arbitration procedures, as well as the other materials provided by the parties. (*See* Epstein Decl. Ex. B at 2-3). Based on the evidence presented, the arbitrator determined that Dejil had violated the CBA, and he awarded damages sufficient to compensate Petitioners for their respective injuries. The Award was well within the powers granted to the Arbitrator under the CBA. (*See* Epstein Decl. Ex. A at 18 ("The arbitrator shall have full and complete authority to decide any and all issued raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages. The arbitrator's award shall be final and binding . . . . The cost of the arbitration, including the fees to be paid to the

arbitrator shall be included in the award and shall be borne by the losing party.").

Although the Union has not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials. Further, and in any event, "[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations" — which have not been made in this case — "that the decision rests on factual errors or misinterprets the parties' agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party. *See, e.g.*, *In re Arbitration between Gen. Sec. Nat. Ins. Co. and AequiCap Program Adm'rs*, 785 F. Supp. 2d 411, 416-17 (S.D.N.Y. 2011). Accordingly, the Court grants Petitioner's unopposed petition to confirm all portions of the Award.

2. **Attorney's Fees**

Petitioner also requests an additional award of $1,614.50 in attorney's fees and costs incurred in connection with this confirmation proceeding. (Epstein Decl. ¶ 23). The period for which these fees are sought does not overlap with the pre-Award period for which the arbitrator awarded fees. Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's fees in actions to confirm an arbitration award. *See, e.g.*, *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 03, 2009) (citing *Int'l Chem. Workers Union (AFL-CIO)*,

*Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Although section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs in association with successful actions to recover delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(D), "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *See Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) (noting that courts routinely make awards for *costs* pursuant to ERISA in confirmation proceedings, but that an award for *attorney's fees* requires additional statutory authority or a showing of bad faith).

A court may, however, exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith. *See Angel Constr.*, 2009 WL 256009, at *2. In confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quoting *Int'l Chem. Workers Union*, 774 F2d at 47) (internal quotation marks omitted); *see also, e.g.*, *Dist. Council No. 9 v. All Phase Mirror & Glass*, No. 03 Civ. 0219 (KNF), 2006 WL 1493112, at *2 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's determination without justification, such as the defendants did in the instant case, attorney's fees may be awarded"). Here, Dejil agreed to submit all disputes governed by the terms of the CBA to binding arbitration (Epstein Decl. Ex. A, Art. IX § 12), yet without justification it failed to comply with the arbitrator's award or appear at these confirmation proceedings. Accordingly, attorney's fees are appropriate. *See, e.g.*, *Abondolo v. H. & M. S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the

court.").

In determining appropriate attorney's fees, district courts use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See, e.g.*, *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (internal quotation marks omitted). When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court has discretion to reduce the rate. *See id.* (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

In the present case, Petitioners seek to recover $1,182.00 in attorney's fees and $432.50 in costs incurred in this litigation. The fees are based on a rate of $200 per hour for the attorney who worked on the case (a 2010 law school graduate), and $90 per hour for each of the two legal assistants who worked on this case. (Epstein Decl. ¶¶ 16-19). The Court finds that the $200 per hour rate for the lawyer is reasonable for this district, *see Trs. of the Mason Tenders*, 2008 WL 3155122, at *11 (noting, in 2008, that rates of $165 per hour and $200 per hour in LMRA/ERISA case were "close to, although slightly higher than," rates that had been found reasonable for attorneys with one to two years of experience); *Trs. of the E. States Health and Welfare Fund v. Crystal Art Corp.*, No. 00 Civ. 0887 (NRB), 2004 WL 1118245, at *6 (S.D.N.Y. May 19, 2004) (noting, in 2004, that rates of $180 to $200 per hour in ERISA case had been

8

found to be reasonable for attorneys with four to six years of experience), as is the rate of $90 per hour for the legal assistants. *See, e.g.*, *Sheehan v. Metropolitan Life Ins. Co.*, 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (accepting the claimed $150 hourly rate for paralegals and employees in an ERISA action); *Trs. of the Mason Tenders*, 2008 WL 3155122, at *11 (accepting rates of $140 and $150 per hour for legal assistants, for work performed on an ERISA matter). Accordingly, Petitioners are entitled to recover $1,614.50 in attorney's fees and costs.

## CONCLUSION

For the reasons set forth above, the arbitration Award is CONFIRMED, with interest to accrue at the rate of 5.25% from the date of the Award to the date judgment is entered in this matter. Petitioners' request for attorney's fees and costs (Pet. at 4; Docket No. 11) is GRANTED. Petitioners are directed to submit a proposed Judgment consistent with this opinion to the Orders and Judgments Clerk of this Court by September 10, 2012. Respondent may submit any objections to the proposed Judgment on or before September 17, 2012.

SO ORDERED.

Dated: August 29, 2012
      New York, New York

                                              JESSE M. FURMAN
                                       United States District Judge